UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EUGENE RAVASIO and MARY RAVASIO
REVOCABLE TRUST,

       Plaintiffs,                         **DECISION AND ORDER**
                                              13-CV-1510 (ADS)(GRB)

    -against-

FIDELITY NATIONAL PROPERTY AND
CASUALTY INSURANCE COMPANY,

       Defendant.

----------------------------------------------------------X

**APPEARANCES:**

**Kujawski & Dellicarpini**
*Attorneys for the Plaintiffs*
1637 Deer Park Avenue
P.O. Box 661
Deer Park, NY 11729-0661
      By:  Mark C. Kujawski, Esq., Of Counsel

**Conway Farrell Curtin and Kelly PC.**
*Attorneys for the Defendant*
48 Wall Street 20th Floor
New York, NY 10005
      By:  Gail M. Kelly, Esq., Of Counsel

**Nielsen, Carter & Treas, LLC**
*Attorneys for the Defendant*
3838 N. Causeway Boulevard, Suite 2850
Metairie, LA 70002
      By:  Kim T. Britt, Esq., Of Counsel

**SPATT, District Judge**.

      On February 7, 2013, the Plaintiffs Eugene Ravasio and Mary Ravasio Revocable Trust

commenced this action in the Supreme Court of the State of New York, County of Suffolk

against the Defendant Fidelity National Property and Casualty Insurance Company ("Fidelity"),

1

a Write-Your-Own ("WYO") Program Carrier participating in the United States Government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), 42 U.S.C. § 4001 *et seq.*, as amended. Boiled to its essence, the Plaintiffs allege that Fidelity breached a contract of flood insurance by failing to pay for damages caused by flooding associated with Hurricane Irene that occurred on or about August 28, 2011.

On March 21, 2013, Fidelity removed this case to federal court pursuant to 42 U.S.C. § 4072, 44 C.F.R. Pt. 61, App. A(1), Article VII(R) and Article IX; 28 U.S.C. § 1331; 28 U.S.C. § 1337; 28 U.S.C. § 1367; and 28 U.S.C. § 1441(c).

On August 29, 2014, Fidelity moved pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56 for summary judgment dismissing the complaint. Fidelity submits that the Plaintiffs failed to comply with the conditions precedent under the subject Standard Flood Insurance Policy ("SFIP"). In particular, Fidelity maintains that the Plaintiffs failed to submit, in connection with their desired relief, a signed and sworn Proof of Loss and supporting documentation, as required by SFIP Article VII(J)(4), prior to filing suit, as required by SFIP Article VII(R).

For the reasons set forth, Fidelity's motion for summary judgment is granted.

## I. BACKGROUND

Unless stated otherwise, the following facts are drawn from the parties' Rule 56.1 Statements and the attached exhibits. Triable issues of fact are noted.

Of relevance here, in its capacity as a WYO Program carrier, Fidelity issued to the Plaintiffs SFIP No. 31-25102556560-04, which provided coverage of $250,000, subject to a $5,000 deductible, insuring the building located at 151 Wagstaff Lane in Islip, New York, with an effective date of January 26, 2011 to January 26, 2012.

Following the flooding of the premises that occurred on August 28, 2011 from Hurricane Irene, the Plaintiffs submitted a claim for benefits to Fidelity.

On or about September 1, 2011, Gene Tackett and Clyde Wright, independent adjusters assigned to assist the Plaintiffs in presenting their flood loss claim, inspected the property and found that the floodwaters were limited to the crawlspace. Based on their inspections, Tackett and Wright recommended payment to the Plaintiffs in the amount of $46,271.77.

On or about October 28, 2011, the Plaintiffs executed a Proof of Loss in the amount of $35,960.46 and a Building Replacement Cost Proof of Loss in the amount of $10,311.31 for a total amount of $46,271.77. The Proof of Loss specifically permitted supplemental claims. Fidelity subsequently paid to the Plaintiffs the amount of $46,271.77.

On September 14, 2011, the Federal Emergency Management Agency ("FEMA"), upon authority of 44 C.F.R. § 61.13(d), extended the 60-day deadline for submitting a Proof of Loss in support of a flood claim for Hurricane Irene-related damages in the State of New York to a total of 90 days from the date of loss.

On November 22, 2011, FEMA issued a second bulletin extending the Proof of Loss deadline to a total of 150 days from the date of loss. As the Plaintiffs' date of loss was August 28, 2011, they had until January 25, 2012 to submit Proofs of Loss for any further damages claimed. The Plaintiffs concede that they have not obtained, nor did anyone acting on their behalf, obtain from FEMA any waiver of any provision of the SFIP or any rule of the NFIP.

By form dated May 28, 2012, the Plaintiffs submitted a supplemental claim through their public adjuster, John La Pata.

On August 12, 2012, Fidelity issued a partial denial of the Plaintiffs' supplemental claim. Although this partial denial did not mention the timeliness of the supplemental claim, the partial

denial stated: "We do not waive any of our rights under this policy, but specifically reserve any and all rights under this policy and governing Federal law." (Pls' Exh D.).

As noted above, on February 7, 2013, the Plaintiffs commenced this lawsuit.

On March 21, 2013, Fidelity removed this lawsuit to this Court.

On March 28, 2013, Fidelity interposed an answer. As one of its affirmative defenses, Fidelity stated as follows:

> The SFIP expressly conditions the right to sue for further benefits under the policy upon the Insured's prior compliance with "all the requirements of the policy." In order to obtain the federal benefits that the Insureds are seeking under the policy, the Insureds must meet the burden of proof to establish the pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, separation of property, documentation, cooperation, proof of loss, and other requirements. See 44 C.F.R. Pt. 61, App. A(1), Art. VII, each provision of which is expressly pleaded herein by reference.

(Docket Entry No. 4, at 6.)

On June 5, 2014, the Plaintiffs filed suit in Supreme Court, Suffolk County against their insurance agent and broker for allegedly failing to advise them of the 150-day extension of time to file Proofs of Loss.

On August 29, 2014, Fidelity moved pursuant to Fed. R. Civ. P. 56 for summary judgment dismissing the complaint.

## II. DISCUSSION

A. <u>The Standard Governing a Motion for Summary Judgment</u>

"Summary judgment must be granted where the pleadings, the discovery and disclosure materials on file, and any affidavits show 'that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.'" <u>Brown v. Eli Lilly & Co.</u>, 654 F.3d 347, 358 (2d Cir. 2011)(quoting Fed. R. Civ. P. 56(a)). "In ruling on a summary judgment

4

motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007)(internal quotation marks omitted). "A fact is material if it might affect the outcome of the suit under the governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Ramos v. Baldor Specialty Foods, Inc., 687 F.3d 554, 558 (2d Cir. 2012)(internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. DeStefano, 557 U.S. 557, 586, 129 S. Ct. 2658, 174 L. Ed. 2d 490 (2009)(quotation marks and citation omitted); see also Fabrikant v. French, 691 F.3d 193, 205 (2d Cir. 2012).

"The moving party bears the burden of establishing the absence of any genuine issue of material fact." Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010). If this burden is met, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." Brown, 654 F.3d at 358. In order to defeat summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts and may not rely on conclusory allegations or unsubstantiated speculation." Id. (internal quotation marks and citations omitted).

B. The National Flood Insurance Program

Under the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001–4127 ("NFIA"), "the federal government provides flood insurance subsidies and local officials are required to adopt and enforce various enforcement measures." Palmieri v. Allstate Ins. Co., 445 F.3d 179, 183 (2d Cir. 2006). "The NFIP, created by the [NFIA], is administered by FEMA and supported

5

by taxpayer funds, which pays for claims that exceed the premiums collected from the insured parties." Jacobson v. Metro. Prop. & Cas. Ins. Co., 672 F.3d 171, 174 (2d Cir. 2012).

Under the NFIA, FEMA "is authorized to prescribe regulations establishing the general method or methods by which proved and approved claims for losses may be adjusted and paid for any damage to or loss of property which is covered by flood insurance." 42 U.S.C. § 4019. In 1983, FEMA created the Write Your Own program, which allows private insurance companies to issue and administer SFIPs in their own names as "fiscal agent[s] of the Federal Government."42 U.S.C. § 4071(a)(1); see also Palmieri, 445 F.3d at 183. "Thus, while the private insurance companies administer the federal program, 'it is the Government, not the companies, that pays the claims.'" Jacobson, 672 F.3d at 175 (quoting Palmieri, 445 F.3d at 184).

All SFIPs require an insured to submit an executed Proof of Loss within sixty (60) days from the date of loss. See 44 C.F.R. Pt. 61, App. A(I), Art. VII(J)(4). In light of the "compelling interest in assuring uniformity of decision in cases involving the NFIP," Jacobson, 672 F.3d at 175 (quoting Flick v. Liberty Mut. Fire Ins. Co., 205 F.3d 386, 390 (9th Cir. 2000)), the Second Circuit has applied the standard of other circuits and "held that [proof of loss] requirements must be strictly construed and enforced." Id.; Zuk v. Allstate Ins. Co., No. 12-CV-4186 (SJF)(AKT), 2014 WL 905552, at *3 (E.D.N.Y. Mar. 6, 2014)(citing Jacobson).

Here, the Plaintiffs' date of loss was August 28, 2011. Considering the two Proof of Loss extensions issued by FEMA allowing up to 150 days from the date of loss, the Plaintiffs had until January 25, 2012 to submit additional Proofs of Loss for any additional damages claimed. However, prior to and including that date, they failed to do so for any damages above and beyond those previously paid for by Fidelity. Accordingly, because the Plaintiffs have failed to

comply with the requirements of the SFIP, the present action is barred as a matter of law and Fidelity is entitled to summary judgment.

The Plaintiffs contend that Fidelity cannot invoke the timeliness requirements of the SFIP because it did not raise the issue until the filing of the instant motion. However, this argument is belied by the pleadings, particularly the answer which included an affirmative defense that the Plaintiffs were required to comply with "all" requirements of the SFIP, including those pertaining to Proof of Loss. While the Plaintiffs contend that, for purposes of Fed. R. Civ. P. 8, the generally-worded language of this affirmative defense failed to put them on adequate notice of any such defense, the Courts notes that in Zuk, United States District Judge Sandra J. Feuerstein deemed a similarly-worded affirmative defense to be sufficient.

Relatedly, the Plaintiffs contend that had Fidelity raised the issue of timeliness of the Proof of Loss sooner or spelled out this affirmative defense in greater detail, they could have sought a waiver or extension from FEMA. Even if this is true, the Plaintiffs fail to cite any authority for the proposition that the onus is on the insurance carrier to keep a claimant abreast of the various Proof of Loss requirements.

In this regard, contrary to the Plaintiff's contention, the Court finds that, on these facts, Fidelity is not "estopped" from asserting a Proof of Loss defense. In Sfoglia v. Hartford Fire Ins. Co., Case No. 2:07-cv-00800 (JS)(MLO), Rec. Doc. 65 (E.D.N.Y. June 17, 2009), United States District Judge Joanna Seybert addressed this precise issue:

> As an initial matter, it is unclear whether WYO insurers, who act as the United States' "fiscal agents," Palmieri, 445 F.3d at 183, may ever be estopped. Four Circuits have effectively barred estoppel claims against WYO insurers or FEMA, because the funds used to pay claims come directly from the public treasury. And another four have speculated that estoppel may be available, but only upon a showing of "affirmative misconduct," while noting that the Supreme Court has consistently rejected estoppel arguments

7

against the Government or its agents. Although the Second Circuit has not yet addressed this issue, district courts within the Second Circuit have generally adopted the "affirmative misconduct" standard. Exim. Mortg. Banking Corp., 16 F. Supp. 2d at 178 n. 10; Diamond, 689 F. Supp. at 169 (requiring "affirmative, serious misconduct").

This Court sees no reason to reach the issue of whether WYO insurers may ever be estopped. But, even assuming arguendo that Hartford could be estopped upon a showing of "affirmative misconduct," Mr. Sfoglia has failed to meet this standard. Mr. Sfoglia contends that Hartford never "request[ed] any additional proofs of loss," and "acted as if the proof of loss documents previously submitted were satisfactory." Sfoglia Opp. Br. at 14. Thus, Mr. Sfoglia argues that "[i]n reliance on Hartford's denial of coverage, the insured proceeded to file a lawsuit rather than submit more claim forms." Id. But Hartford did not deny coverage because Mr. Sfoglia failed to file a Proof of Loss. Rather, Hartford denied coverage because the appointed independent adjuster, Mr. Irwin, determined that Mr. Sfoglia had no claim. Hartford Stmt. ¶ 10. Had Mr. Irwin determined that Mr. Sfoglia was entitled to benefits under his policy, the FEMA waiver required Hartford to pay those benefits regardless of whether Mr. Sfoglia filed a Proof of Loss. Mallin Aff. Ex. M. Accordingly, in the strictest sense, Mr. Sfoglia did not "need" to file a Proof of Loss, and Hartford was not derelict in failing to inform him that he failed to. Rather, Mr. Sfoglia had a choice: accept Mr. Irwin's findings (which resulted in no claim), or challenge those findings by filing a Proof of Loss. Shuford, 508 F.3d at 1342 ("'may'" means only "that the policyholder ha[s] a choice whether to challenge the insurer's decision"). At most then, Hartford failed to instruct Mr. Sfoglia regarding the specific procedural hoops he must jump through in order to file an SFIP challenge in federal court. But Hartford's failure to provide Mr. Sfoglia with assistance on the steps he needs to take to file suit against it does not constitute "affirmative misconduct." And this is especially true because, as a customer of a federal insurance program, Mr. Sfoglia is "expected to know the law and may not rely on the conduct of Government agents contrary to law." Heckler, 467 U.S. at 63.

Mr. Sfoglia also seeks to establish estoppel by noting that Hartford did not "send him a particular proof of loss form to be completed." Sfoglia Opp. Br. at 14. But the SFIP itself states that, although the "insurance adjuster whom we hire to investigate your claim may furnish you with a proof of loss form, and she or he

8

> may help you complete it . . . . this is a matter of courtesy only, and you must still send us a proof of loss within 60 days after the loss even if the adjuster does not furnish the form or help you complete it." 44 C.F.R. Pt. 61 App. A(1) at § VII(J)(7). Thus, Hartford's alleged failure to send him a Proof of Loss form does not create estoppel.

Id. at 13-16 (footnotes omitted).

For the reasons articulated by Judge Seybert in Sfoglia, the Court finds that Fidelity is not estopped, nor could it be estopped, from asserting a Proof of Loss defense based on timeliness.

The fact that the Plaintiffs did previously file a Proof of Loss claim did not relieve them of their statutory and contractual obligation to file a Supplemental Proof of Loss for the amounts they now seek to recover. "[A] signed and sworn proof of loss 'claims only the amounts listed in those forms, and the insured must timely file an additional proof of loss to claim any additional amount of money.'" Dickson v. Am. Bankers Ins. Co. of Florida, 739 F.3d 397, 399 (8th Cir. 2014)(citation omitted). Although the Plaintiffs filed a Proof of Loss for their undisputed claims, they never filed a Proof of Loss related to the amounts they now seek to recover here.

It is legally irrelevant that the Plaintiffs argue that a genuine issue of material fact exists as to whether the amount of damage was caused by the flood as opposed to the wind. This is because Fidelity's motion for summary judgment is directed at the Plaintiffs' failure to submit a Proof of Loss for the additional amounts claimed, not at the substance of any such claim.

As a final matter, even if the Plaintiffs' could recover their claimed amounts, the Court would deny their extra-contractual requests for interest, costs, and attorneys' fees. "The National Flood Insurance Act preempts state law claims for penalties and attorneys' fees brought against WYO insurance carriers participating in the FEMA's NFIP." Bowie v. Am. Sec. Ins. Co., No. CIV.A. 13-5698 (MAVL), 2014 WL 2979759, at *2 (E.D. La. July 1, 2014)(citing Wright v. Allstate Ins. Co., 415 F.3d 384, 390 (5th Cir. 2005). Further, a plaintiff cannot recover pre-

judgment or post-judgment interest against a WYO. Newton v. Capital Assur. Co., Inc., 245 F.3d 1306, 1312 (11th Cir. 2001); Sandia Oil Co., Inc. v. Beckton, 889 F.2d 258, 264 (10th Cir. 1989).

Accordingly, Fidelity's motion for summary judgment dismissing the Plaintiffs' prayer for extra-contractual relief is granted.

### III. CONCLUSION

For the foregoing reasons, Fidelity's motion for summary judgment pursuant to Fed. R. Civ. P. 56 dismissing the complaint is granted. The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**
Dated: Central Islip, New York
January 29, 2015

                                                      *Arthur D. Spatt*
                                                    ARTHUR D. SPATT
                                                    United States District Judge